# AFFIDAVIT IN SUPPORT OF APPLICATION FOR ARREST WARRANT

Your affiant, Samuel Beaton, being duly sworn, deposes and states as follows:

1. Your affiant is an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and Federal Rule of Criminal Procedure 41, and is empowered by law to conduct investigations of, and to make arrests for, offenses in Titles 18 and 21 of the United States Code. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and Federal Rule of Criminal Procedure 41, and am empowered by law to conduct investigations of, and to make arrests for, offenses in Titles 18 and 21 of the United States Code.

2. Your affiant is currently employed as a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and has been so employed since December 2025. Your affiant completed the 480 hours Criminal Investigator Training Program and approximately 374 hours Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Center in Charleston, South Carolina. The above listed training included instruction and techniques for conducting investigations into violations of federal law relating to Title 8, Title 18, Title 19, and Title 21 of the United States Code. Prior to his employment with HSI, your affiant was employed as a police officer with the Virginia Beach Police Department ("VBPD") from April 2018 to December 2025. Beginning in January 2018, your affiant completed the 1,100 hours Basic Law Enforcement Training Course. Your affiant was then assigned to uniformed patrol where he remained for approximately three years. In 2022, your affiant was assigned to the Special Investigations Division, Narcotics Bureau, where he remained until December 2025. During this assignment, your affiant served as an HSI Task Force Officer ("TFO"), with the Border Enforcement Security Task Force for 1 year. During his law enforcement career, your affiant received extensive training from various federal, state, local, and private law enforcement agencies regarding the identification of narcotics, narcotics trafficking and distribution, and narcotics interdiction.

3. In addition to his training, your affiant has extensive experience in the investigation of illegal controlled substance activities to include illegal narcotic distribution, narcotics trafficking, and narcotics interdiction. Since 2018, your affiant has led or assisted with over 200 state and federal investigations leading to numerous arrests and convictions of offenders for a wide variety of crimes involving marijuana and marijuana-related products, prescription drugs, cocaine, heroin, fentanyl, ecstasy, psilocybin, psilocyn, ketamine, LSD, synthetic drugs, methamphetamine, precursor chemicals, narcotics trafficking, money laundering, firearms offenses, prostitution, human trafficking, child pornography, gang-related offenses and various crimes of violence. Your affiant has personally participated in all aspects of narcotics distribution and trafficking investigations, including conducting surveillance, debriefing, and utilizing confidential informants, acting in an undercover capacity, and participating in court-authorized interceptions of wire and electronic communications. Your affiant has also participated in cases involving money laundering, weapons, and stolen property. These investigations have resulted in the arrests of persons, seizures of drugs, weapons, vehicles, personal property, and United States currency. Additionally, your affiant has been recognized as an expert witness in the General District Courts of Virginia Beach on providing testimony relating to the above-mentioned narcotics investigations.

4. Your affiant is currently participating in an investigation into the distribution and possession with intent to distribute methamphetamine, cocaine, fentanyl and heroin in the Hampton Roads area of the Eastern District of Virginia. During the investigation, it has been determined that **CHARLES BYRON COFIELD** (hereinafter "**COFIELD**") is involved in the possession of methamphetamine, cocaine and heroin with intent to distribute in violation of federal law.

## CRIMINAL OFFENSE

5. Section 841(a)(1) of Title 21 of the United States Code, provides, in part, that, "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

6. Your affiant makes this affidavit in support of an application for an arrest warrant for **COFIELD** in relation to the following offense occurring in the Eastern District of Virginia ("EDVA"):

a. Possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

## ESSENTIAL FACTS CONSTITUTING THE OFFENSE CHARGED

7. Since this affidavit is being submitted for the limited purpose of securing authorization for an arrest warrant, your affiant has not included each and every fact known to the investigative team concerning this investigation. Rather, your affiant has set forth only those facts believed to be necessary to establish probable cause that **COFIELD** committed the listed offense. Facts not set forth herein are not being relied upon in reaching the conclusion that an arrest warrant should be issued. Nor is it requested that the Court rely upon any facts not set forth herein in reviewing this affidavit.

8. Your affiant has personally participated in the investigation of the offense described in this affidavit. As a result of your affiant's participation in this investigation and a review of reports made to your affiant by other members of the investigative team, your affiant is familiar with the circumstances of this investigation. On the basis of this familiarity, and on the basis of the other information which your affiant has reviewed and determined to be reliable, your affiant alleges the following:

9. On or about May 13, 2026, the Virginia Beach Police Department ("VBPD") organized a controlled-buy using a confidential informant ("CI") to purchase methamphetamine from an individual, A.J., with recorded city funds in the amount of $2,080.00. During the purchase, A.J. told the CI she needed to go meet with her supplier to obtain the narcotics. Investigators followed A.J. to another location in Virginia Beach where investigators observed A.J. met with a large black male with dreadlocks who arrived in a white Pontiac sports car with Virginia Antique Tags "61625".

Investigators observed the male do a hand-to-hand exchange with A.J. A.J. left the location and returned to the original location where the CI was waiting and A.J. provided the CI with a quantity of methamphetamine.

10. Other investigators followed the black male in the white Pontiac until he returned to a residence in Virginia Beach, Virginia. Investigators identified the male as **COFIELD**. Investigators obtained a search warrant for the residence in Virginia Beach, Virginia.

11. While investigators were securing the search warrant for the residence, other investigators observed **COFIELD** leave the residence and drive away in the white Pontiac sports car. Investigators initiated a traffic stop on **COFIELD**, and VBPD Detective A. Murawski and his narcotics detection canine Luigi screened the white Pontiac and received a positive alert for the odor/presence of narcotics. A search of the vehicle **COFIELD** was operating was conducted and two (2) loaded semiautomatic pistols and a quantity of suspected illegal narcotics was seized. A search of **COFIELD's** person yielded the recovery of approximately $3,776.00 in U.S. currency, including the $2,080.00 recorded city funds from the controlled-buy between A.J. and the CI.

12. On that same day, VBPD SWAT executed the search warrant for the residence in Virginia Beach, Virginia. Prior to entry into the residence, law enforcement permitted **COFIELD's** wife to call their two minor children to instruct the children to exit the residence. After the residence was secured, the investigative team located suspected methamphetamine, suspected cocaine, suspected crack cocaine, suspected heroin and suspected fentanyl. Two (2) loaded semiautomatic pistols, one (1) semiautomatic rifle, more than one thousand (1000) rounds of ammunition, metal presses, scales, empty capsules, a money counter and other items indicative of the distribution of controlled substances were located during the search of the residence.

13. The narcotics recovered from the residence and from the controlled-buy were submitted to the Customs and Border Protection ("CBP") Savannah Laboratory for analysis.

a. On October 19, 2026, the CBP forensic laboratory filed a report of analysis for the cocaine seized from the residence. The laboratory results identified line item 0008, ten (10) clear plastic bags containing compressed white powder, was 554.97 grams of Cocaine Hydrochloride, a Schedule II controlled substance. The laboratory results identified line item 0009, a clear plastic bag containing compressed white powder, and line item 0010, a clear plastic bag containing compressed white powder, were 80.48 grams of Cocaine Base, a Schedule II controlled substance.

b. On October 20, 2026, the CBP forensic laboratory filed a report of analysis for the fentanyl seized from the residence. The laboratory results identified line item 0005, a resealable plastic bag containing gray powder inside a clear plastic bag, was 55.90 grams of Fentanyl, a Schedule II controlled substance. On October 29, 2026, the CBP forensic laboratory filed a report of analysis which identified line item 0002, a resealable plastic bag containing chunks of gray compressed powder, was 468.6 grams of Fentanyl, a Schedule II controlled substance. The laboratory results identified line items 0003-1, 0003-3 and 0003-6, multiple clear plastic bags containing brown powder, and line items 0003-8-1 through 0003-8-7, seven resealable plastic bags with brown powder in a plastic bag, were

370.74 grams of para-fluorofentanyl, a Schedule I controlled substance.

c. On October 30, 2026, the CBP forensic laboratory filed a report of analysis for the methamphetamine recovered from the controlled-buy. The laboratory results identified line item 0001, a clear plastic bag containing a clear crystalline substance, was 444.8 grams of Methamphetamine Hydrochloride, a Schedule II controlled substance.

d. On October 30, 2026, the CBP forensic laboratory filed a report of analysis for the methamphetamine recovered from the residence. The laboratory results identified line item 0001A, a clear crystalline substance in a clear plastic bag, was 441.4 grams of Methamphetamine Hydrochloride, a Schedule II controlled substance. The laboratory results identified line item 0001B, thirty-eight (38) individual plastic bags containing clear crystalline substances in a resealable plastic bag, was 1047.7 grams of Methamphetamine Hydrochloride, a Schedule II controlled substance. The laboratory results identified line item 0006, a clear plastic bag containing a clear crystalline substance, was 25.29 grams of Methamphetamine Hydrochloride, a Schedule II controlled substance.

14. On July 17, 2026, the Virginia Department of Forensic Science ("DFS") laboratory filed a report of analysis for the suspected fentanyl recovered from the white Pontiac **COFIELD** was operating at the time of the traffic stop. The laboratory results identified item 1, one plastic bag corner containing tan powder, was 1.4049 grams of powder found to contain Fentanyl, a Schedule II controlled substance.

15. Based on the above, I respectfully submit there is probable cause to believe that **CHARLES BYRON COFIELD** has committed, in the Eastern District of Virginia, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), that is, possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

Samuel Beaton, Special Agent
Homeland Security Investigations

Sworn and subscribed to before me
On this 9th day of November 2026

United States Magistrate Judge
Norfolk, Virginia